UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| BRIAN FARABEE,<br><br>Petitioner,<br><br>v.<br><br>COMMISSIONER OF DBHDS,<br><br>Respondent. | Civil No. 2:25cv282 |

**FINAL ORDER**

Pending before the Court is Petitioner Brian Farabee's ("Petitioner") Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Am. Pet., ECF No. 4. Therein, Petitioner challenges an order recommitting him to the custody of the Virginia Department of Behavioral Health and Developmental Services ("DBHDS") (the "Recommitment Order"). *Id.* at 4–5.[1] The Amended Petition asserts the following grounds for relief regarding the hearing that led to his recommitment to custody, and the Recommitment Order itself: (1) the judge at the hearing demonstrated judicial bias; (2) that prosecutorial misconduct and malicious prosecution occurred at the hearing; (3) that Petitioner's continued confinement violates his First Amendment rights; (4) that Petitioner's continued confinement violates his due process rights to be free from bodily restraint; (5) the Recommitment Order subjects Petitioner to punitive confinement in violation of the Due Process Clause; and, (6) the Recommitment

[1] This Order uses ECF-generated pagination.

Order violates the Equal Protection Clause.[2] *Id.* at 6–12.

The matter was referred to United States Magistrate Judge Lawrence R. Leonard ("Judge Leonard") for a Report and Recommendation ("R&R") pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Rule 72, and the April 2, 2002 Standing Order on Assignment of Certain Matters to United States Magistrate Judges. On April 10, 2026, Judge Leonard issued an R&R recommending that the Amended Petition (ECF No. 4) be denied and dismissed without prejudice because Petitioner has failed to exhaust his available state remedies and has failed to demonstrate that the absence or ineffectiveness of available state remedies excuses the exhaustion requirement. R&R at 8–11, ECF No. 27.[3] Further, Judge Leonard recommended that Petitioner's other outstanding motions, including his (1) Motion for an Evidentiary Hearing (ECF No. 22) and (2) Motion for Expedited Ruling (ECF No. 25) be denied and dismissed without prejudice. *Id.* at 6–7, 12.

---

[2] The Court notes that Petitioner purports to bring a claim for discrimination under the Americans with Disabilities Act; however, as explained in the R&R, such a claim is not cognizable in habaes as it does not seek his immediate release. Am. Pet. at 13, ECF No. 4; R&R at 4 n.1, ECF No. 27.

[3] Judge Leonard also made recommendations regarding three substantively similar Motions for Declaratory Relief (ECF Nos. 21, 23, 24) ("the Motions") filed by Petitioner. R&R at 6–7, 12 n.8, ECF No. 27. The Motions challenge Petitioner's incarceration at the Virginia Peninsula Regional Jail and seek his return to a state hospital for treatment. *Id.* As discussed in a separate Order (ECF No. 37), the Court finds it appropriate to address the Motions in a new and separate action—*Farabee v. Director of the Virginia Dep't of Corrections*, No. 2:26cv970 (E.D. Va. Sep. 15, 2026). Accordingly, the Court **DECLINES** to adopt or approve the findings and recommendations set forth in the R&R regarding the Motions, and the Motions for Declaratory Relief (ECF Nos. 21, 23, 24) are **DISMISSED without prejudice**.

By copy of the report, each party was advised of the right to file written objections. *Id*. at 12. Objections were due by April 24, 2026. On May 4, 2026, a copy of the R&R mailed to Petitioner was returned as undeliverable. Min. Entry, ECF No. 28. On May 21, 2026, Petitioner filed a Notice of Change of Address and a Motion for a Time Extension to file objections, explaining that he had not received the R&R because he had been transferred from Central State Hospital to Virginia Peninsula Regional Jail on March 24, 2026, and the R&R had been mailed to Central State Hospital. Notice, ECF No. 29; Mot. at 1–2, ECF No. 30. On May 29, 2026, Petitioner filed objections to the R&R. Obj., ECF No. 32. For good cause and consideration shown, the Petitioner's Motion for a Time Extension (ECF No. 30) is **GRANTED** and the Court finds his objections (ECF No. 32) to be timely. On June 1, 2026, Petitioner filed a second set of objections to the R&R. Suppl. Obj., ECF No. 33. Because Petitioner was not permitted to file successive objections, the Court declines to consider the second set of objections. The Defendant did not file a response. The Petition and the R&R are therefore ripe for adjudication.

The Court, having reviewed the record and examined the objections filed by Petitioner to the R&R, and having made *de novo* findings with respect to the portions objected to, does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the R&R (ECF No. 27), insofar as they relate to the Petition, the Motion for an Evidentiary Hearing, and the Motion for an Expedited Ruling. It is, therefore, **ORDERED** that the Amended Petition (ECF No. 4), the Motion for an Evidentiary Hearing (ECF No. 22), and the Motion for Expedited Ruling (ECF No. 25) are

**DENIED** and **DISMISSED WITHOUT PREJUDICE**.[4]

The Clerk is **REQUESTED** to forward a copy of this Order to Petitioner and to counsel of record for Respondent.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
Senior United States District Judge

September 21, 2026
Norfolk, Virginia

[4] Between May 22, 2026 and August 3, 2026, Petitioner filed the following motions: (1) a Motion to Stay or Hold in Abeyance (ECF No. 31); (2) a Motion for a Copy of the Docket Sheet (ECF No. 34); (3) a Motion to Appoint Counsel (ECF No. 35); and, (4) a Motion to Stay State Court Proceedings (ECF No. 36). In light of the Court's ruling dismissing the Petition, which closes the instant case, these Motions (ECF Nos. 31, 34, 35, 36) are **DISMISSED as moot**.